# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **INTERNATIONAL COAL GROUP, INC.,** a Delaware corporation; and **IGC HAZARD, LLC,** a Delaware limited liability company, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs and Counterclaim Defendants, | Case No. 2:09-cv-115-CW-PMW |
| v. | |
| **TETRA FINANCIAL GROUP, LLC,** a Utah limited liability company, | |
| | **District Judge Clark Waddoups** |
| Defendant and Counterclaim Plaintiff. | **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Tetra Financial Group, LLC's ("Defendant") motion to compel production of documents.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 19.

[2] *See* docket no. 24.

In relevant part, rule 26(b)(1) of the Federal Rules of Civil Procedure provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, "the scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Defendant's motion seeks an order compelling International Coal Group, Inc. and IGC Hazard, LLC (collectively, "Plaintiffs") to produce documents responsive to Defendant's Document Requests No. 8 and 9. Defendant argues that the discovery sought by those document requests is relevant under rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1). The court agrees.

Plaintiffs' arguments to the contrary are unpersuasive to the court. Those arguments, which focus on the merits of Defendant's theory of the case and the weight of the evidence, are not pertinent at this stage of the case. It is not unexpected that Plaintiffs disagree with Defendant's theory of the case or that the parties disagree about either the relevance or weight of the evidence. Those issues, however, are not controlling in resolving a discovery dispute. Rather, the court is concerned only with the broad standard of relevance under rule 26(b)(1). *See id.*; *see also Gomez*, 50 F.3d at 1520. With that standard in mind, the court has determined that the information sought by Defendant is indeed relevant for purposes of rule 26(b)(1).

For these reasons, Defendant's motion to compel[3] is **GRANTED**. Plaintiffs shall provide full responses to Defendant's Document Requests No. 8 and 9 within thirty (30) days of the date of this order.

Both parties have requested an award of reasonable expenses, including attorney fees, incurred in connection with Defendant's motion. *See* Fed. R. Civ. P. 37(a)(5). Because the court has granted Defendant's motion, it follows that Plaintiffs are not entitled to such an award. At the same time, the court has determined that the circumstances do not support such an award to Defendant. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, the parties' requests for reasonable expenses are **DENIED**.

**IT IS SO ORDERED**.

DATED this 2nd day of February, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* docket no. 24.