# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **INTERNATIONAL COAL GROUP, INC.,** a Delaware corporation; and IGC HAZARD, LLC, a Delaware limited liability company,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>**TETRA FINANCIAL GROUP, LLC,** a Utah limited liability company,<br><br>    Defendant and Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09-cv-115-CW-PMW<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Tetra Financial Group, LLC's ("Defendant") motion for leave to amend its counterclaim.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 19.

[2]  *See* docket no. 35.

The deadline for amending pleadings in this case was September 21, 2009.[3] Defendant acknowledges that its motion, which is dated January 21, 2010, was filed well after that deadline. That notwithstanding, Defendant argues that it should be allowed to amend its counterclaim to add a claim for breach of the covenant of good faith and fair dealing. Defendant asserts that amendment of its counterclaim will not be prejudicial to International Coal Group, Inc. and IGC Hazard, LLC (collectively, "Plaintiffs"). In response, Plaintiffs argue that Defendant unduly delayed in bringing the motion and that granting the motion will indeed prejudice Plaintiffs.

Defendant's motion for leave to amend is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

The court recognizes that Defendant's motion was brought well after the deadline for amending pleadings in this case and that Defendant has not provided much explanation for the

---

[3] *See* docket nos. 16, 29.

delay in seeking leave to amend its counterclaim. These reasons alone could provide the court with a basis to deny Defendant's motion. *See, e.g.*, *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

At the same time, however, the court recognizes that when considering whether undue delay exists, the "[e]mpahsis is on the adjective." *Minter*, 451 F.3d at 1205. That is, "[l]ateness does not of itself justify the denial of the amendment." *Id*. (quotations and citation omitted). While Defendant clearly delayed in seeking leave to amend its counterclaim, the court does not believe such delay was undue. Further, the court is not persuaded that providing Defendant with leave to amend its counterclaim would unduly prejudice Plaintiffs. Most importantly, the court believes that allowing Defendant to amend its counterclaim would best serve principles of judicial economy by ensuring that all claims related to the operative facts in this case are adjudicated in one action.

For these reasons, Defendant's motion for leave to amend its counterclaim is **GRANTED**. Defendant shall file its amended counterclaim within ten (10) days of the date of this order.

**IT IS SO ORDERED**.

DATED this 8th day of March, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge