# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **INTERNATIONAL COAL GROUP, INC.,** a Delaware corporation; and IGC HAZARD, LLC, a Delaware limited liability company,<br><br>    **Plaintiffs and Counterclaim Defendants,**<br><br>v.<br><br>**TETRA FINANCIAL GROUP, LLC,** a Utah limited liability company,<br><br>    **Defendant and Counterclaim Plaintiff.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:09-cv-115-CW-PMW**<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Marquette Equipment Finance, LLC's ("Marquette") motion to quash a subpoena ("Subpoena") issued by Tetra Financial Group, LLC ("Tetra").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 19.

[2] *See* docket no. 50.

In its motion, Marquette argues that the Subpoena should be quashed because it requires disclosure of confidential commercial information, *see* Fed. R. Civ. P. 45(c)(3)(B)(i), and imposes an undue burden, *see* Fed. R. Civ. P. 45(c)(3)(A)(iv).

Rule 45(c)(3)(B)(i) of the Federal Rules of Civil Procedure provides that "the issuing court may, on motion, quash or modify [a] subpoena if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(i). If the person or entity subject to the subpoena

> shows that the information sought is a trade secret or confidential research, development[,] or commercial information that might be harmful if disclosed, the burden shifts to the party seeking discovery to establish that disclosure is both relevant and necessary. Then the court must balance the need for confidential information against the possible injury resulting from disclosure.

*Fanjoy v. Calico Brands, Inc.*, No. 2:06-mc-469-DB, 2006 U.S. Dist. LEXIS 55158, at *6-7 (D. Utah August 7, 2006) (unpublished) (footnotes omitted); *see also, e.g.*, *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981); *Echostar Commc'ns. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998). If a subpoena seeks discovery from a non-party, that is a factor that courts consider, but non-party status weighs against requiring disclosure. *See Fanjoy*, 2006 U.S. Dist. LEXIS 55158, at *7; *see also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D. Kan. 2003).

Marquette asserts that the Subpoena requires it to produce documents that contain sensitive and confidential commercial information about Marquette's business methods.

Marquette supports that assertion with an affidavit from its counsel.[3] Marquette further asserts that production of those documents will be harmful because Marquette and Tetra are direct competitors in the business of financing transactions to purchase and lease commercial equipment. Marquette also asserts that its non-party status weighs in favor of quashing the Subpoena.

In response, Tetra argues that compliance with the Subpoena will not require Marquette to disclose any confidential commercial information to the parties in this case. Tetra asserts that its offer to allow Marquette to produce documents with an "Attorneys' Eyes Only" designation under the stipulated protective order entered in this case should satisfy any concerns that Marquette has about disclosing confidential commercial information.

Tetra also argues that the documents sought by the Subpoena are relevant and necessary to their case. In support of that argument, Tetra relies almost exclusively upon a memorandum decision and order issued by this court on February 2, 2010.[4] In that order, this court ruled that International Coal Group, Inc. and IGC Hazard, LLC (collectively, "Plaintiffs") were required to produce documents responsive to two of Tetra's discovery requests because those documents were relevant for purposes of rule 26(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1). In general terms, those discovery requests sought documents from Plaintiffs related to their efforts to obtain financing for certain commercial equipment from financiers other

---

[3] *See* docket no. 51, Exhibit A.

[4] *See* docket no. 42.

than Tetra. The Subpoena seeks essentially the same documents from Marquette, which is one of those other financiers.

The court has determined that Marquette has carried its burden of demonstrating that the Subpoena seeks confidential commercial information and that the disclosure of that information would be harmful. Marquette's counsel's affidavit is sufficient to satisfy the court that the Subpoena requires Marquette to produce documents that contain sensitive and confidential commercial information. In addition, the undisputed fact that Marquette and Tetra are direct competitors in the same industry provides a presumption that requiring Marquette to disclose that information to Tetra would be harmful. *See, e.g.*, *Echostar Commc'ns. Corp.*, 180 F.R.D. at 395.

The court has also determined that Tetra has failed to carry its burden of demonstrating that the documents sought by the Subpoena are both relevant and necessary. While the court acknowledges that those documents are likely relevant, Tetra has failed to demonstrate that they are necessary in this case. As Tetra has correctly noted, this court previously ruled that Plaintiffs were required to produce documents responsive to two of Tetra's discovery requests because those documents were relevant for purposes of rule 26(b)(1). Because those discovery requests and the Subpoena seek essentially the same type of documents, it follows that the documents sought by the Subpoena are likely relevant.

By relying on this court's previous ruling to demonstrate relevance, however, Tetra has undermined any argument it had concerning necessity. The court agrees with Marquette's assertion that any relevant documents concerning Plaintiffs' efforts to obtain financing from Marquette likely have already been produced by Plaintiffs as a result of the ruling. Notably,

Tetra did not address that assertion in its response to Marquette's motion. Because it is likely that Tetra has already obtained the documents sought by the Subpoena as part of Plaintiffs' document production during discovery, the Subpoena appears to be duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . . ."). Accordingly, the court concludes that Tetra has failed to demonstrate that the documents sought by the Subpoena are necessary in this case.

In addition to Tetra's failure to establish that the documents sought by the Subpoena are necessary, the court has also considered Marquette's status as a non-party as a factor weighing in favor of quashing the Subpoena. *See, e.g.*, *Fanjoy*, 2006 U.S. Dist. LEXIS 55158, at *7.

For all these reasons, the court concludes that the Subpoena should be quashed pursuant to rule 45(c)(3)(B)(i). *See* Fed. R. Civ. P. 45(c)(3)(B)(i). Accordingly, Marquette's motion to quash the Subpoena[5] is **GRANTED**.

Because the court has concluded that the Subpoena should be quashed, the court has determined that it is unnecessary to address Tetra's argument concerning its offer to allow Marquette to produce documents with an "Attorneys' Eyes Only" designation under the

---

[5] *See* docket no. 50.

stipulated protective order in this case. In addition, because the court has based its ruling on rule 45(c)(3)(B)(i), the court has determined that it is unnecessary to address Marquette's arguments concerning undue burden under rule 45(c)(3)(A)(iv). *See* Fed. R. Civ. P. 45(c)(3)(A)(iv).

**IT IS SO ORDERED**.

DATED this 24th day of May, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge