# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **INTERNATIONAL COAL GROUP, INC.,** a Delaware corporation; and **IGC HAZARD, LLC,** a Delaware limited liability company, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs and Counterclaim Defendants, | Case No. 2:09-cv-115-CW-PMW |
| v. | |
| **TETRA FINANCIAL GROUP, LLC,** a Utah limited liability company, | |
| | **District Judge Clark Waddoups** |
| Defendant and Counterclaim Plaintiff. | **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Marquette Equipment Finance, LLC's ("Marquette") motion for attorney fees and costs.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 19.

[2] *See* docket no. 68.

In a memorandum decision and order dated May 24, 2010, this court granted Marquette's motion to quash a subpoena issued to Marquette ("Subpoena") by Tetra Financial Group, LLC ("Tetra").[3] Marquette now moves the court for an award of the attorney fees and costs it incurred in connection with the Subpoena.

Rule 45(c)(1) of the Federal Rules of Civil Procedure provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1).

Marquette argues that Tetra violated its duty under rule 45(c)(1) by issuing the Subpoena. Marquette asserts that the Subpoena was improper and that Tetra's issuance of the subpoena constituted an abuse of the subpoena power.

In response, Tetra admits that the type of documents requested by the Subpoena had also been requested from International Coal Group, Inc. and IGC Hazard, LLC (collectively, "Plaintiffs"). Tetra asserts, however, that it was unclear whether Plaintiffs would produce those documents and that, in fact, Tetra was forced to move to compel production of those documents from Plaintiffs. Accordingly, Tetra asserts that the Subpoena was justified when it was issued.

Under the circumstances, the court cannot conclude that Tetra violated its duty under rule 45(c)(1) by issuing the Subpoena. While it is true that the court eventually quashed the

---

[3] *See* docket no. 62.

Subpoena, that does not mandate the conclusions that Tetra abused the subpoena power or that the Subpoena was improper when issued.

Because Marquette has failed to persuade the court that Tetra violated its duty under rule 45(c)(1) by issuing the Subpoena, Marquette's motion for an award of the attorney fees and costs it incurred in connection with the Subpoena[4] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 9th day of September, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 68.